# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **Jamie Tuggle,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| **Happy Restaurant Group Airways, LLC,** ) | |
| **and Charles R. Apple,** *individually*, ) | |
| ) | |
| **Defendants.** ) | |

## VERIFIED COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

COMES NOW Plaintiff Jamie Tuggle (hereinafter, "Plaintiff" or "Ms. Tuggle"), by and through counsel, and for her Complaint against Happy Restaurant Group Airways, LLC, and Charles R. Apple (hereinafter, collectively "Defendants") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff brings this action against Defendants for unpaid overtime compensation, and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of FLSA, 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks declaratory relief, compensation for work hours for which she was unpaid or underpaid, including overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Jamie Tuggle is an adult resident of Memphis, Shelby County, Tennessee.

6. Defendant Happy Restaurant Group Airways, LLC is a Tennessee-based entity, and may be reached for service through its registered agent, Charles R. Apple, 6913 Amberly Road, Memphis, Tennessee 38119-6843.

7. Upon information and belief, Defendant Charles R. Apple is an adult resident of Memphis, Shelby County, Tennessee.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. Defendant Happy Restaurant Group Airways, LLC is a legal entity incorporated in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant Happy Restaurant Group Airways, LLC.

10. Defendant Charles R. Apple is a resident of Tennessee and, consequently, this Court has personal jurisdiction over him.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff Jamie Tuggle's claims occurred in this District.

## FACTUAL BACKGROUND

12. Upon information and belief, Defendant Happy Restaurant Group Airways, LLC is a limited liability corporation owned and operated by Defendant Charles R. Apple.

13. Plaintiff Jamie Tuggle worked for Defendants from April 2019 to May 2022.

14. As employee of Defendants, Ms. Tuggle worked as both a cook and cashier.

15. Defendants paid Ms. Tuggle an hourly wage of $11.00.

16. For the duration of her employment, Ms. Tuggle worked in excess of forty hours, working on average fifty-two hours per week.

17. During Ms. Tuggle's employment, Defendants paid her the same hourly wage for all her hours worked, including overtime hours worked over forty in a workweek.

18. During Ms. Tuggle's employment, Defendants did not pay her an overtime premium of at least one-and-one-half times the regular rate of pay for all hours worked in excess of forty hours per week.

19. Defendants required Ms. Tuggle to log her time by hand on time cards which were turned into management at the end of each week.

20. Ms. Tuggle's pay would then be direct deposited into Ms. Tuggle's Netspend account.

21. No paystubs were ever provided by Defendants.

22. When Ms. Tuggle finally asked for a paystub, she was given one indicating she had only worked nine hours for the week ending May 26, 2022.

23. On May 30, 2022, when Ms. Tuggle questioned the accuracy of this paystub, she was summarily terminated.

24. Later, when Ms. Tuggle asked about her final paycheck, Defendant Apple threatened to call the police on her.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Ms. Tuggle realleges and incorporates all allegations above as if actually set forth herein.

1. At all relevant times, Defendant Happy Restaurant Airways, LLC was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

2. At all relevant times, Defendant Charles Apple was the owner of Happy Restaurant Airways, LLC and exercised significant control over the operations of the company.

3. At all relevant times, Defendant Charles Apple exercised the authority to: (a) hire and fire employees of Happy Restaurant Airways, LLC; (b) determine the work schedules of the employees of Happy Restaurant Airways, LLC; and (c) control the finances and operations of Happy Restaurant Airways, LLC.

4. Given his ownership of the company and level of control exerted over its operations, Defendant Charles Apple was an employer within the meaning of the FLSA, 29 U.S.C. § 203.

26. At all relevant times, Defendants "employed" Ms. Tuggle within the meaning of the FLSA, 29 U.S.C. § 203 (e)-(g).

27. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

28. At all relevant times, Ms. Tuggle was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

29. At all relevant times, Ms. Tuggle was entitled to an overtime premium at a rate of not less than one-and-one-half her regular rate of pay for work performed in excess of forty

hours in a work week.

30. Ms. Tuggle worked more than forty hours per week.

31. When Ms. Tuggle brought the pay discrepancies to Defendants' attention, Defendants terminated her.

32. When Ms. Tuggle requested her final paycheck from Defendants, Defendants threatened to call the police on her.

33. Defendants thus willfully failed and refused to pay Ms. Tuggle an overtime premium for all hours worked over forty in any given workweek.

34. As a result of Defendants' failure to compensate Ms. Tuggle at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

35. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Jamie Tuggle prays for relief as follows:

1. A declaratory judgement that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgement interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

          Respectfully submitted,

          s/Philip Oliphant
          Alan G. Crone, TN Bar No. 014285
          Philip Oliphant, TN Bar No. 025990
          THE CRONE LAW FIRM, PLC
          88 Union Avenue, 14th Floor
          Memphis, TN 38103
          800.403.7868 (voice)
          901.737.7740 (voice)
          901.474.7926 (fax)
          acrone@cronelawfirmplc.com
          poliphant@cronelawfirmplc.com

## DECLARATION AND VERIFICATION

      I, **Jamie Tuggle**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*JamieTugg*

_____

**Jamie Tuggle**

Date: 07 / 13 / 2022



Audit Trail

| | |
|---|---|
| **TITLE** | Tuggle Complaint |
| **FILE NAME** | Tuggle Complaint Draft.pdf |
| **DOCUMENT ID** | 6fc0a0d42ad1cf4902b459d69dd9caa591a7310b |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

Document History

**SENT**
**07 / 13 / 2022**
10:34:55 UTC-5

Sent for signature to Jamie Tuggle (tugglejamie9@gmail.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED**
**07 / 13 / 2022**
10:51:11 UTC-5

Viewed by Jamie Tuggle (tugglejamie9@gmail.com)
IP: 75.64.207.231

**SIGNED**
**07 / 13 / 2022**
10:53:16 UTC-5

Signed by Jamie Tuggle (tugglejamie9@gmail.com)
IP: 75.64.207.231

**COMPLETED**
**07 / 13 / 2022**
10:53:16 UTC-5

The document has been completed.

Powered by HELLOSIGN